IN THE COURT OF COMMON PLEAS
LICKING COUNTY, OHIO
CIVIL DIVISION

| | | | |
|---|---|---|---|
| LOREN BARBER, | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No. | 24CV00502 |
| | ) | | |
| CHANCE PATZNICK, in her individual | ) | Judge: | |
| and official capacities as an employee | ) | | |
| of the City of Newark | ) | | |
| 275 North Cedar Street | ) | | |
| Newark, Ohio 43055 | ) | | |
| | ) | | |
| and | ) | | |
| | ) | | |
| The City of Newark, | ) | | |
| 40 West Main Street | ) | | |
| Newark, Ohio 43055 | ) | | |
| | ) | | |
| Defendants. | ) | Jury Demand Endorsed Hereon | |

## COMPLAINT

### The Parties

1.     Plaintiff, Loren Barber, is and was at all times mentioned in this complaint a resident of Licking County, Ohio.

2.     Defendant, Chance Patznick, is and was at all times relevant to this complaint a resident of Licking County, Ohio. Chance Patznick is an employee of the City of Newark. Sometime before April 1, 2023, Chance Patznick became the Superintendent of Cedar Hill Cemetery, located at 275 North Cedar Street, in Newark, Ohio 43055 (Licking County). Chance Patznick is being sued in this matter in her individual and official capacities with the City of Newark.

# EXHIBIT A

## Background facts

3.     Before Chance Patznick became Superintendent of Cedar Hill Cemetery, loved ones of those who were buried at the cemetery were permitted to decorate the gravesites with sentimental items that often had some connection to the loved one who had passed away and was buried at the cemetery. These items include, but are not limited to, solar lights, toys (especially for babies or children), photographs, flowers, and statues.

4.     Many times these decorations left at the gravesite are and were part of the grieving process for those people who chose Cedar Hill Cemetery as a final resting place for their loved ones.

5.     Loren Barber's daughter passed away on September 30, 2015.

6.     Loren Barber and his family chose Cedar Hill Cemetery as the final resting place for his daughter in part because of the decorations on nearby graves, including bird feeders, graduation tassels, lights, college team décor, and statutes.

7.     Loren Barber and his family chose Cedar Hill Cemetery for his daughter's final resting place in part because of the belief that Loren Barber and his family would be able to decorate his daughter's grave with items like solar lights, and that Mr. Barber and his family would be able to continue to decorate the grave in the future.

8.     Loren Barber's daughter was buried at Cedar Hill Cemetery in October 2015.

9.     Loren Barber never wanted his daughter to feel alone or be afraid, and for this reason, Loren Barber had a solar light placed near his daughter's grave so she would never be in the dark.

10.     From the day that Loren Barber's daughter was buried at Cedar Hill Cemetery until Chance Patznick became superintendent, Mr. Barber and his family were permitted to decorate Mr. Barber's daughter's grave without restrictions from representatives of the cemetery or any other official with the City of Newark.

11.     From the day that Loren Barber's daughter was buried at Cedar Hill Cemetery until the present day, Mr. Barber has visited the gravesite of his daughter every day—or at least very nearly every day.

12.     Sometime after Chance Patznick became superintendent of the cemetery, Loren Barber was at his daughter's grave site grieving the loss of his daughter—per his custom.

13.     Chance Patznick approached Mr. Barber at his daughter's grave, interrupted Mr. Barber's grieving process, and informed Mr. Barber that the decorations at the gravesite of Mr. Barber's daughter, including the solar light, "had to go."

14.     Loren Barber asked Chance Patznick why, and Chance Patznick informed Mr. Barber that the decorations on the graves at the cemetery did not align with her "vision" as the new Superintendent of the Cemetery—and employee of the City of Newark.

15.     After this conversation, Chance Patznick formulated and publicized a DECORATIONS POLICY that she and other officials with the City of Newark stated would be enforced at Cedar Hill Cemetery in the future. (The DECORATIONS POLICY is attached to this complaint).

16.     Loren Barber disagrees with the DECORATIONS POLICY.

17.     Many other citizens of Newark (and elsewhere) with loved ones buried at the cemetery disagree with the DECORATIONS POLICY.

18.     Loren Barber exercised his constitutional rights under the Ohio and Federal Constitution to disagree with the DECORATIONS POLICY by attending and participating in city council meetings, making complaints with city officials, encouraging others to express their views of the DECORATIONS POLICY, and other protected activity under the Ohio and U.S. Constitution.

19.    From April 2023 through the present day, Loren Barber has continued to do everything within his legal power to prevent the implementation of the DECORATIONS POLICY at Cedar Hill Cemetery, including retaining legal counsel to explore the possibility of legal action.

### Specific facts giving rise to causes of action against
### Chance Patznick in her individual and official capacities in this lawsuit

20.    All previous paragraphs are incorporated.

21.    On April 24, 2024, at approximately 3:15 p.m., Loren Barber was visiting his daughter's grave at Cedar Hill Cemetery, per his usual custom. Mr. Barber had visited his daughter's grave at Cedar Hill Cemetery every day (or very nearly every day) since she was buried there in 2015.

22.    While Mr. Barber was at Cedar Hill Cemetery, he spoke with two other visitors at the cemetery, who were sitting in front of a flag with an image of their loved one.

23.    Loren Barber approached the two individuals and informed them of his belief that management at the cemetery—the City of Newark—was planning to remove all decorations the following week.

24.    The conversation between Loren Barber and the two unnamed individuals lasted less than five minutes with Loren Barber standing at least 50 feet away from the two individuals.

25.    After the conversation, Loren Barber returned to his daughter's grave site to continue his grieving process.

26.    Chance Patznick, in her capacity as an employee of the City of Newark as the Superintendent of Cedar Hill Cemetery, contacted the Newark Police Department.

27.    Defendant Chance Patznick requested that the Newark Police Department arrest Loren Barber.

28.    Defendant Chance Patznick requested the Newark Police Department to charge Loren Barber with trespassing at his daughter's grave.

29.     After Defendant Chance Patznick called the Newark Police Department, two officers from the Newark Police Department arrived at Cedar Hill Cemetery, approached Loren Barber, and told him that they had received a report that Loren Barber was "making people feel uncomfortable."

30.     While the officers did not make an official report of the encounter with Loren Barber, a call log was obtained and revealed that Chance Patznick, acting as the superintendent of Cedar Hill Cemetery, had called 911, and the following took place during that call:

   a.  Chance Patznick stated that two individuals had approached her at the cemetery "stating that Loren Barber was making them feel uncomfortable."

   b.  Chance Patznick provided the police with the physical location of Loren Barber within the cemetery.

   c.  Chance Patznick stated that Loren Barber "was approaching the females and was being pushy about joining some kind of protest."

   d.  Chance Patznick stated that one of the individuals advised that "she almost pepper sprayed" Loren Barber.

   e.  Chance Patznick told the 911 dispatcher she wanted a call back to discuss the possibility of obtaining a charge of trespassing against Loren Barber related to visiting his daughter's grave at Cedar Hill Cemetery.

31. Loren Barber was stopped by the Newark Police Department officers and detained for several minutes as a result of the 911 call made by Superintendent Chance Patznick.

32. Loren Barber suffered significant emotional harm that was caused by the fear of not being able to visit the gravesite of his daughter, which resulted from the actions taken by Superintendent Chance Patznick (employee of the City of Newark).

**First Cause of Action: 42 U.S.C. § 1983 Action for**

**Violation of Loren Barber's Rights under the United States Constitution**

33. Plaintiff restates the preceding paragraphs as if fully rewritten.

34. The First Amendment of the Constitution of the Unites States protects the rights of individuals, including Plaintiff, Loren Barber, to freedom of speech, and "to petition the Government for a redress of grievances."

35. Plaintiff, Loren Barber, engaged in protected First Amendment activity by disagreeing with the DECORATION POLICY at Cedar Hill Cemetery, voicing his disagreement in public and private forums, and petitioning the City of Newark to refrain from removing decorations from the gravesite of Mr. Barber's daughter, including solar lights.

36. Defendant Chance Patznick, acting under color of State law while working for the City of Newark as Superintendent of Cedar Hill Cemetery, took an adverse action against Loren Barber.

37. The adverse action referenced in the previous paragraph includes but is not limited to requesting the Newark Police Department to arrest Mr. Barber and charge him with crimes while Mr. Barber visited his daughter's gravesite at the cemetery.

38. The adverse action taken by Defendant Chance Patznick was causally related to Mr. Barber's Constitutionally protected activity of disagreeing with the DECORATION POLICY at Cedar Hill Cemetery, voicing his disagreement in public and private forums, and petitioning the City of Newark to refrain from removing decorations from the gravesite.

39. The adverse action taken by Defendant Chance Patznick, under color of state law, "would deter a person of ordinary firmness from continuing to engage" in protected activity under the First Amendment.

40. In violating Plaintiff's First Amendment rights, Defendant Chance Patznick acted maliciously or with a conscious disregard of the rights secured by the United States Constitution.

41. The City of Newark is liable for the actions of its employee under these circumstances for two different reasons:

(a) Failure to train its employees, amounting to deliberate indifference to the Constitutional rights of citizens of Newark, Ohio;

(b) After being put on notice of the conduct of employee Chance Patznick, in her capacity as Superintendent of the Cemetery, failure to act or acknowledge wrongdoing, which constitutes a ratification of an unconstitutional act as its own.

WHEREFORE, Plaintiff, Loren Barber, prays for a declaration that Defendants' conduct violated the First Amendment of the United States Constitution. Plaintiff seeks all available damages under law, including but not limited to:

A. Compensatory damages in an amount in excess of $25,000;

B. Punitive damages as authorized by law based on malicious, reckless, and wanton conduct;

C. Attorney fees pursuant to 42 U.S.C. § 1988, as well as costs for suit pursuant to 42 U.S.C. 1920 and 1988;

D. Any other relief as this Court deems proper.

Respectfully submitted,

C. Joseph McCoy (0092669)
Attorney for Plaintiff
McCoy & McCoy, Attorneys at Law, LLC
57 East Main Street
Newark, Ohio 43055
Telephone: (740) 345-4545
E-mail: jmccoy@mccoymccoylaw.com

**Jury Demand**

Plaintiff, Loren Barber, demands a trial by jury on all issues in this action.

C. Joseph McCoy (0092669)

# CEDAR HILL CEMETERY

## DECORATION POLICY

At Cedar Hill Cemetery, we know that surviving families will have the desire to decorate the gravesites of a loved one. It is our responsibility to maintain the cemetery in a dignified and orderly manner. Sometimes, the desire or need to personalize a grave with decorations may conflict with our need to manage the grounds. Cedar Hill Cemetery regulates the use of grave decorations to ensure the efficient maintenance of the cemetery and to provide a safe environment for employees and visitors.

## Decoration Rules for Grounds

1. Annual flowers may be planted within 8" from the front of a monument from April 1st – October 31st. All other plantings are prohibited and can be removed without notice.
2. On holidays that fall between April 1st – October 31st (Easter, Mother's Day, birthday, etc.), cut flowers may be placed on graves 3 days prior to the holiday. Cut flowers must be removed 7 days after the holiday or they can be removed by our staff.
3. Mulch may be placed 8" from the front of a monument year-round. Mulch may not be placed on the side of monuments or behind monuments.
4. Artificial flowers are only permitted year-round in permanently attached vases on upright monuments.
5. Artificial/fresh flower saddles are permitted year-round on top of upright monuments.
6. Artificial decorations placed on the base of upright monuments that do not extend beyond the monument are permitted year-round.
7. American flags, military flags, and military flag holders (available in office) are permitted year-round. Faded, soiled, or tattered flags will be removed at the discretion of the Cemetery.
8. Artificial decorations are NOT permitted to be placed on/in the ground from April 1st – October 31st. Artificial decorations placed on/in the ground create maintenance obstacles and are a safety hazard, for our staff and the general public. If any of the items listed below are picked up or hit by maintenance equipment they can travel great distances, possibly injuring someone, damaging properties, or damaging maintenance equipment. Artificial items include but are not limited to:

- Plastic, silk, or wired flowers.
- Bricks, rocks, pavers, fences, rebar, or landscape material (prohibited year-round).
- Glass containers, alcohol, or food.
- Tobacco or lighters.
- Wreaths, grave blankets, etc.
- Lights, porcelain, glass, metal, concrete or wooden objects.
- Clothing, hats, sunglasses, etc.

9. Artificial decorations are permitted to be placed on/in the ground from November 1st – March 31st.
10. Borders, such as, bricks, rocks, pavers, fences, rebar, and landscape materials are prohibited year-round. The use of these items pose maintenance obstacles and safety issues. If any these items are picked up or hit by maintenance equipment, they can injure someone, damage properties, or damage maintenance equipment.
11. The only borders permitted year-round are 12-gauge stainless steel borders or 14-gauge powder coated steel borders if written permission is granted from the office. Approved borders can only be installed flush with the ground, spanning the width of the monument, and 8 inches out from the front of the monument. Additional guidelines and permission slips are available in the office. We are NOT responsible for any damaged borders. If unapproved borders are installed, they can be removed without notice. All other decoration rules must be followed within approved borders. Only live flowers are permitted inside of

borders from April 1st – October 31st. Artificial decorations are permitted inside of borders from November 1st – March 31st.

12. All temporary grave markers need to be approved by the office. The office will provide customers with written consent. Temporary grave markers need to be removed one (1) year after the internment. While temporary grave markers are placed, all other decoration rules must be followed. Please visit the office if an extension on a temporary grave marker is needed.

13. Funeral flowers can be removed 7 days after the service.

Grave sites not in compliance with the decoration policy will be tagged beginning March 1st. Decoration clean-up will begin April 1st. If April 1st falls on a weekend, clean-up will begin the following business day. Any items removed will be kept at the cemetery for 30 days for pick up. After 30 days, any items left will be discarded. We reserve the right to remove any and all prohibited plantings and decorations. When placing any item out in the cemetery, you are placing it at your own risk. We are NOT responsible for any items broken, stolen, or removed by our staff.

*Following recent policy changes, Cedar Hill Cemetery recognizes that there are decorations that do not adhere to the decoration policy. The cemetery is meeting with lot owners to discuss policy enforcement as maintenance issues arise*

## Decoration Rules for Indoor Mausoleum:

1. Artificial decorations are allowed year-round as long as they do not interfere with adjacent crypt or niche fronts.
2. Funeral flowers will be removed 7 days after the service.

Grave sites not in compliance with the decoration policy will be tagged beginning March 1st. Decoration clean-up will begin April 1st. If April 1st falls on a weekend, clean-up will begin the following business day. Any items removed will be kept at the cemetery for 30 days for pick up. After 30 days, any items left will be discarded. We reserve the right to remove any and all prohibited plantings and decorations. When placing any item out in the cemetery, you are placing it at your own risk. We are NOT responsible for any items broken, stolen, or removed by our staff.

## Decoration Rules for Warden-Kelley Cremation Garden:

1. Artificial decorations are allowed year-round as long as they do not interfere with adjacent crypt or niche fronts.
2. Funeral flowers will be removed 7 days after the service.

Grave sites not in compliance with the decoration policy will be tagged beginning March 1st. Decoration clean-up will begin April 1st. If April 1st falls on a weekend, clean-up will begin the following business day. Any items removed will be kept at the cemetery for 30 days for pick up. After 30 days, any items left will be discarded. We reserve the right to remove any and all prohibited plantings and decorations. When placing any item out in the cemetery, you are placing it at your own risk. We are NOT responsible for any items broken, stolen, or removed by our staff.

## Decoration Rules for Chapel of Trees Mausoleum:

1. Only bronze crypt or niche front vases are recognized as approved cemetery vases. They are designed to hold artificial flower arrangements and are located so flower arrangements will not

interfere with adjacent crypt or niche fronts. Vases are available for sale in the office. Vases are installed by the Cemetery.

2. Artificial decorations in Cemetery approved vases are permitted year-round.
3. Flags may be placed in Cemetery approved vases. Faded, soiled, or tattered flags will be removed at the discretion of the Cemetery.
4. Prohibited arrangements will be removed and disposed of.
5. Funeral flowers will be removed 7 days after the service.

Grave sites not in compliance with the decoration policy will be tagged beginning March 1st. Decoration clean-up will begin April 1st. If April 1st falls on a weekend, clean-up will begin the following business day. Any items removed will be kept at the cemetery for 30 days for pick up. After 30 days, any items left will be discarded. We reserve the right to remove any and all prohibited plantings and decorations. When placing any item out in the cemetery, you are placing it at your own risk. We are NOT responsible for any items broken, stolen, or removed by our staff.